[Civ. No. 1081.    Third Appellate District.—April 17, 1913.]

## NELLIE REMFREE BREIDENBACH, Executrix of the Last Will of Mary Remfree, Deceased, Appellant, v. M. McCORMICK COMPANY (a Corporation), et al., Respondents.

NEGLIGENCE—RUNAWAY HORSE IN STREET—COLLISION WITH VEHICLE—NONSUIT.—In an action for personal injuries caused by a runaway horse, it is error to grant a nonsuit at the close of plaintiff's case, if the averments in the complaint and evidence produced at the trial show that the defendant's horse, attached to a wagon, was running away without a driver in the streets of a city, and collided with the buggy in which the plaintiff was riding.

ID.—UNATTENDED HORSE RUNNING AWAY—PRESUMPTION OF NEGLIGENCE.—When a horse runs away unattended in the streets of a city, and in its course injures a person without his fault, a *prima facie* case of negligence on the part of the owner of the horse is shown.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing a new trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Webster, Webster & Blewett, for Appellant.

Clary & Louttit, for Respondents.

CHIPMAN, P. J.—This is an action for damages resulting from an injury suffered by plaintiff's testate. The action was originally brought by deceased in her lifetime and, after her death and after the appeal was taken, the executrix of her last will was made plaintiff by substitution.

At the close of plaintiff's evidence defendants moved for a nonsuit on the sole ground "that negligence on the part of the defendants has not been shown," whereupon the court granted the motion and entered judgment in favor of defendants. Plaintiff moved for a new trial which was denied. The appeal is from the judgment and order denying plaintiff's motion for a new trial.

The facts in this case are the same as in *Breidenbach* v. *Mc-
Cormick Co.,* 20 Cal. App. 184, [128 Pac. 423], decided by
this court, October 22, 1912.   The plaintiff, Nellie Breiden-
bach, in that case and her mother, Mrs. Remfree, plaintiff's
testate in the present case, were riding together and were in-
jured at the same time and by the same cause as in the former
case.   At the oral argument it was suggested by appellant
that there is a distinction between the two judgments ren-
dered, in this—"In the Remfree case (the pending case) we
are entitled to urge as a reason for sustaining the action of
the court in granting the nonsuit, the variance between the
pleadings and the evidence.   There is no evidence to support
the allegation that the horse was left unattended in the street.
The presumption would be in favor of the judgment of the
lower court."   In the Breidenbach case, No. 976, the motion
for nonsuit was on the ground "that no negligence whatso-
ever has been proven against the defendants."   The judgment
was—"The motion for a nonsuit was argued and submitted
. . . and after due deliberation thereon . . . the court . . .
orders that said motion for nonsuit be granted and be entered
herein in favor of the defendant in accordance therewith."

In the present case the ground of the motion was as stated
above substantially the same as in No. 976 and the only dif-
ference we can discover between the judgment in that case
and this case is that, in No. 976, the ground of the motion
was not stated in the judgment, except by reference to the
motion, while in the present case the ground was stated in
conformity with the motion but in different terms, viz.—
"That the evidence introduced did not show facts sufficient
to enable the court to render judgment in favor of said plain-
tiff."   The only question raised in both cases by the motion
was as to the sufficiency of the evidence to show negligence on
the part of defendants.   We held, in the former case, that
the variance between the averments of the complaint in the
particular there pointed out, and the proofs in the case, was
not available to defendants because not made a ground in the
motion for a new trial.   For the reasons there given the same
is true in the present case.   But however this may be, there
were averments in the complaint and evidence produced at
the trial showing that the horse of defendants, attached to a
wagon, was without a driver, running away in the streets of

the city of Stockton and collided with the buggy in which plaintiff's testate and her daughter, Mrs. Breidenbach, were riding and, without their fault, caused them to be thrown to the ground and injured. We held, on the principal question discussed in the briefs, that when a horse runs away unattended in the streets of a city and in its course injures a person without his fault, a *prima facie* case of negligence on the part of the owner of the horse is shown. Such being the rule of law, the defendants were put to their proofs excusing the runaway and it was error to grant the nonsuit.

The pleadings, evidence, and the discussion on questions of law raised in the two cases will be found fully stated in the opinion filed in No. 976, *supra,* and, on the authority of that case, the judgment and order are reversed.

Hart, J., and Burnett, J., concurred.